**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-5158**

───────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

CARL JAMES BOLTZ,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:04-cr-00187-F-1)

───────────

Submitted:  September 28, 2009        Decided:  December 8, 2009

───────────

Before NIEMEYER, GREGORY, and AGEE, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carl James Boltz appeals his twenty-four-month sentence imposed on revocation of supervised release. We affirm.

On appeal, Boltz argues that the sentence imposed is plainly unreasonable because the district court failed to consider whether community-based drug treatment programs would have provided Boltz with needed treatment. Boltz does not challenge the district court's decision to revoke his supervised release or its guidelines calculations. The Government responds that the district court's sentence is not unreasonable.

In United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006), we held that "revocation sentences should be reviewed to determine whether they are 'plainly unreasonable' with regard to those [18 U.S.C.] § 3553(a) (2006) factors applicable to supervised release revocation sentences." Although the district court must consider the Chapter Seven policy statements and the applicable requirements of 18 U.S.C. §§ 3553(a), 3583(e) (2006), "the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks and citation omitted). A sentencing court must provide a "statement of reasons for the sentence imposed," United States v. Moulden, 478 F.3d 652, 657

2

(4th Cir. 2007) (probation revocation), but the court need not "robotically tick through § 3553(a)'s every subsection," or "explicitly discuss every § 3553(a) factor on the record." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

Our review of the record in this case convinces us that the district court adequately explained its reasons for the sentencing and we find that the sentence is neither procedurally nor substantively unreasonable. See United States v. Finley, 531 F.3d 288, 297 (4th Cir. 2008) (applying Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007), in reviewing a sentence to determine if it is plainly unreasonable).

We therefore affirm Boltz's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED